## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 24 2014

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

| | |
|---|---|
| DEVEAN BLAND | |
| Plaintiff, | Civil Action No. *4:14cv678-BRW* |
| -against- | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC<br>A Virginia Corporation | **JURY TRIAL DEMANDED** |
| Defendant. | *Wilson* |

This case assigned to District Judge _____
and to Magistrate Judge _____ *Young*

### ORIGINAL COMPLAINT

Plaintiff, Devean Bland (Bland), by her undersigned counsel brings this action against

Portfolio Recovery Associates, LLC (Portfolio), and states:

### STATEMENT OF JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 and 15 U.S.C.
§1692k(d).

2.       This action arises out of Defendant's violations of the Fair Debt Collection
Practices Act, 15 U.S.C. §1692, et seq.

3.      The acts and events complained of in this Complaint occurred within Danville,
Yell County, Arkansas.

4.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise
to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

1

## PARTIES TO THE CLAIM

5.     The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6.     Bland is a resident of Danville, Yell County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

7.     At the time of the incident described further herein, Portfolio was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector /debt buyer," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8.     Portfolio is being served via its registered agent:

> Corporation Service Company
> 300 Spring Building, Suite 900
> 300 S. Spring Street
> Little Rock, AR  72201

## FACTUAL BACKGROUND

9.     The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10.     Portfolio filed a lawsuit against Bland in the District Court of Yell County, Arkansas on October 6, 2014 alleging a consumer debt.

11.     The lawsuit and attached affidavit alleges Bland defaulted on a credit card account obligation with the original creditor, GE Capital Retail Bank/Wal-Mart.  A copy of that suit is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

2

12.     Portfolio asserted it purchased and was assigned the account.

13.     The Complaint filed by Portfolio, and the attached affidavit, reflect an amount due of $2,005.26.

14.     Upon information and belief, the amount charged off by the original creditor was $1,617.

15.     Upon information and belief, the date of default was March, 2013.

16.     Upon information and belief, the amount claimed in the lawsuit filed by Portfolio contains interest and late charges accrued after the default date, as well as after it was charged off by the original creditor.

17.     The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

18.     TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where a finance charge is imposed.  15 U.S.C. §1637(b).

19.     That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges.  15 U.S.C. §1637(b).

20.     Consistent with 15 U.S.C. §1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by (12 C.F.R.) §226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." *Id.* At 12 C.F.R. §226.5(b)(2)(i).

21.     However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the

3

creditor does certain things.

22.     One of those exceptions is if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account.  12 C.F.R. §226.5(b)(2)(i).

23.     Therefore, under applicable regulations, GE Capital Retail Bank was required to send periodic statements to Bland until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account."  12 C.F.R. §226.5(b)(2)(i).

24.     Previous to the alleged purchase of the account by Portfolio from GE Capital Retail Bank, GE Capital Retail Bank charged off an account alleged to have been incurred by Bland.

25.     Because GE Capital Retail Bank had charged off the account, it was not required to send periodic statements to Bland as would otherwise be required by law.

26.     Therefore, after charging off the account, GE Capital Retail Bank did not send any billing statements regarding the account to Bland.

27.     GE Capital Retail Bank took advantage of the charge off exception to enable it to not be required to send periodic billing statements.

28.     The legal trade-off for entitling GE Capital Retail Bank to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

29.     Therefore, after the account was written off, GE Capital Retail Bank was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

4

30.    Portfolio professes to be in the same shoes as GE Capital Retail Bank due to its purchase and assignment of the account.

31.    Portfolio would not acquire any greater rights than GE Capital Retail Bank had at the time of the alleged purchase.

32.    By assessing interest and other charges for which there was no legal basis, Portfolio is in violation of **15 U.S.C §1692f(1)** which prohibits a debt collector from collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

33.    By assessing charges, namely interest and late charges after the date of default, which are not authorized by the agreement or law, Portfolio is in violation of **15 U.S.C. §1692e(5)** by taking action that cannot legally be taken.

34.    The Complaint further requests costs, post-judgment interest at the "contract rate" and for all other proper relief.

35.    Because "costs, post-judgment interest at the contract rate and all other proper relief" are not authorized by the agreement creating the debt, the Complaint seeks to collect amounts not authorized by contract in violation of **15 U.S.C. §1692f(1).**

36.    By not attaching the agreement upon which it is suing, Portfolio is making a false representation of the character, amount, or legal status of the debt in violation of **15 U.S.C. §1692e(2)(A).**

37.    By not attaching the agreement upon which it is suing, Portfolio is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of **15 U.S.C. §1692f.**

5

38.     Portfolio has attached no evidence that it purchased the debt from the original creditor and; thus, is taking action which cannot legally be taken in violation of **15 U.S.C. §1692e(5).**

39.     Portfolio is in violation of **15 U.S.C. §1692e(10)** by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between Bland and any creditor.

40.     Upon information and belief, the original creditor was Synchrony Bank and not GE Capital Retail Bank.

41.     At the time it commenced the action against Bland, Portfolio possessed insufficient evidence and intended not to further investigate in violation of **15 U.S.C. §1692(e)(5).**

42.     Portfolio's conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq.

43.     Portfolio's conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692k(a)(2)(A).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

44.     The averments set forth in paragraphs 1-43 are adopted herein and incorporated as if set forth word for word.

45.     Portfolio is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

a.      15 U.S.C. §1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

6

b. 15 U.S.C. §1692e(5): Taking action that cannot legally be taken or that is not intended to be taken;

c. 15 U.S.C. §1692e(10): The use of any false representation or deceptive means to collect any debt;

d. 15 U.S.C. §1692f: Using unfair or unconscionable means to collect or attempt to collect any debt;

e. 15 U.S.C. §1692f(1): The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## DAMAGES

46. The averments set forth in paragraphs 1-45 are adopted herein and incorporated as if set forth word for word.

47. As a direct and proximate result of the occurrence made the basis of this lawsuit, Bland is entitled to the following damages:

a. actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

b. statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A).

c. actual damages pursuant to 15 U.S.C. §1692k(a)(1)

## DEMAND FOR JURY TRIAL

48. The averments set forth in paragraphs 1-47 are adopted herein and incorporated as if set forth word for word.

49. Bland demands a jury trial on all issues so triable.

7

## **PRAYER**

WHEREFORE, Bland prays that:

1.  She be granted statutory damages pursuant to the FDCPA;

2.  She be granted actual damages;

3.  She be granted costs and attorney fees.


Respectfully submitted,


By:_____
Todd Wooten, Esq.   ABN 94034
**WOOTEN LAW FIRM**
2226 Cottondale Lane, Suite 210
Little Rock, Arkansas 722202
Telephone: (501) 218-6064
todd@wootenlaw.net

and

J.R. Andrews, Esq.   ABN 92041
Attorney at Law
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com


Attorneys for Plaintiff

## IN THE DISTRICT COURT OF YELL COUNTY, ARKANSAS

### SUMMONS
### (NOTICE OF LAWSUIT)

PORTFOLIO RECOVERY ASSOCIATES, LLC                                      PLAINTIFF

v.                                    CASE NO. C\V 2014-187

DEVEAN BLAND                                                            DEFENDANT

THE STATE OF ARKANSAS TO DEFENDANT:

DEVEAN BLAND
11595 HIGHWAY 154
DANVILLE AR 72833

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

PORTFOLIO RECOVERY ASSOCIATES, LLC
JENNIFER P. SANDERS
120 CORPORATE BLVD
NORFOLK, VA 23502
1-866-428-8102

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office:
YELL COUNTY - NORTHERN DISTRICT
COUNTY COURTHOUSE
DARDANELLE, AR 72834

Sherri nail D.C.
COURT CLERK

10/6/14
DATE

15-76432





FILED
OCT 0 6 2014
TAMMY MEIMERSTORF
YELL COUNTY
DISTRICT COURT





EXHIBIT
1

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

No. _____ This summons is for **DEVEAN BLAND**

## PROOF OF SERVICE

❑ I personally delivered the summons and complaint to the individual at
_____ on _____ ; or

❑ I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❑ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ with
_____, a person at least 14 years of age who resides there, on
_____ ; or

❑ I delivered the summons and complaint to _____, an agent
authorized by appoint or by law to receive service of summons on behalf of
_____ on _____ ; or

**Description of person receiving documents:**
The person receiving the documents is described as follows:
Skin Color _____ Sex _____ Hair Color _____ Facial Hair _____
Age _____ (prox) Height _____ (prox) Weight _____ (prox)

❑ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other
[specify]: _____
_____
_____

❑ I was unable to execute service because: _____
_____
_____
_____

My fee is $ _____ .

15-76432

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____

_____
(Print Name, Title & Badge No.)

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____

_____
(Print Name)

Address: _____
_____
_____
Phone _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My Commission Expires:

_____

Additional information regarding service or attempted service:

_____
_____
_____
_____
_____

15-76432

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

## IN THE DISTRICT COURT OF YELL COUNTY, ARKANSAS

PORTFOLIO RECOVERY ASSOCIATES, LLC                                    PLAINTIFF

V.                                    CASE NO. _____

DEVEAN BLAND                                                          DEFENDANT

### COMPLAINT

Comes the Plaintiff and for its cause of action against the Defendant, states:

1.      That the Plaintiff is a corporation authorized to bring this action under Ark. Code Ann. § 4-27-1501.

2.      That the Defendant is a resident of YELL County, Arkansas.

3.      Jurisdiction and venue are proper in this Court.

4.      That Defendant purchased certain items with extensions of credit obtained on his/her GE CAPITAL RETAIL BANK / WAL-MART account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5.      That the amount past due on said account, which has not been paid, and has been owed for a period of time is as follows, principle amount, $2,005.26 as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6.      That demand has been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $2,005.26, plus all costs herein paid and expended, for post-judgment interest at the contract rate, and for all other proper relief.

JENNIFER P. SANDERS
PORTFOLIO RECOVERY ASSOCIATES, LLC
120 CORPORATE BLVD
NORFOLK, VA 23502

15-76432                    JENNIFER P. SANDERS, (20020047)

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

# AFFIDAVIT

State of Virginia
City of Norfolk ss.

I, the undersigned, _____Yvette M. Stephen_____, Custodian of Records, for Portfolio Recovery Associates, LLC
hereby depose, affirm and state as follows:

1.    I am competent to testify to the matters contained herein.

2.    I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Original Creditor **GE CAPITAL RETAIL BANK/WAL-MART** and those records transferred to Account Assignee from **GE CAPITAL RETAIL BANK** ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business.

3.    According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on **10/21/2013**. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever.

4.    According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from **DEVEAN BLAND** ("Debtor and Co-Debtor") to the Account Seller the sum of **$2,005.26** with the respect to account number **ending in 7983** as of the date of **9/18/2013** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

5.    According to the account records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$2,005.26** as due and owing as of the date of this affidavit.

6.    Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is not on active military service of the United States.

Portfolio Recovery Associates, LLC

By: _____Yvette M. Stephen_____, Custodian of Records

Subscribed and sworn to before me on _____MAY 0 9 2014_____

Notary Public



SANDRA A. WHITE
NOTARY PUBLIC
REGISTRATION # 7242619
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
SEPTEMBER 30, 2017



15-76432-9312

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

*Customer Service/Questions:* For account information, please call the toll free number on the front of this statement. Unless your name is listed on this statement, your access to information on the account may be limited. You may also mail questions (but not payments) to: P.O. Box 965023, Orlando, FL 32896-5023. Please include your account number on any correspondence you send to us
*Payments:* Send payments to the address listed on the remit portion of this statement or pay online.
*Notice:* See below for your Billing Rights and other important information. Telephoning about billing errors will not preserve your rights under federal law. To preserve your rights, please write to us at the Billing Inquiries Address, P.O. Box 965023, Orlando, FL 32896-5023

Purchases, returns, and payments made just on your billing date may not appear until next month's statement. When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. You may choose not to have your payment collected electronically by sending your payment (with the payment stub), in your own envelope – not the enclosed window envelope, addressed to: P.O. Box 960098, Orlando, FL 32896-0098 and not the Payment Address.

*What To Do If You Think You Find A Mistake On Your Statement*
If you think there is an error on your statement, write to us at the Billing Inquiries Address of:
GE Capital Retail Bank
P.O. Box 965023, Orlando, FL 32896-5023
   In your letter, give us the following information
   • *Account information:* Your name and account number
   • *Dollar amount:* The dollar amount of the suspected error
   • *Description of Problem:* If you think there is an error on your bill describe what you believe is wrong and why you believe it is a mistake.

   You must contact us within 60 days after the error appeared on your statement.

   You must notify us of any potential errors in writing. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question

   While we investigate whether or not there has been an error the following are true
   • We cannot try to collect the amount in question or report you as delinquent on that amount.
   • The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
   • While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
   • We can apply any unpaid amount against your credit limit.
*Your Rights If You Are Dissatisfied With Your Credit Card Purchases*
   If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase
   To use this right, all of the following must be true
   1 The purchase must have been made in your home state or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (Note: Neither of these are necessary if your purchase was based on an advertisement we mailed to you or if we own the company that sold you the goods or services )
   2 You must have used your credit card for the purchase Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify
   3 You must not yet have fully paid for the purchase
   If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing at
GE Capital Retail Bank
P.O. Box 965023, Orlando, FL 32896-5023
   While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation we will tell you our decision. At that point, if we think you owe an amount and you do not pay we may report you as delinquent.
*Information About Payments: You may at any time pay, in whole or in part, the total unpaid balance without any additional charge for prepayment.* Payments received after 5:00 PM (ET) on any day will be credited as of the next day. Credit to your Account may be delayed up to five days if payment (a) is not received at the Payment Address, (b) is not made in U.S. dollars drawn on a U.S. financial institution located in the U.S., (c) is not accompanied by the remittance coupon attached to your statement, (d) contains more than one payment or remittance coupon, (e) is not received in the remittance envelope provided or (f) includes staples, paper clips, tape, a folded check, or correspondence of any type. Conditional Payments: All written communications concerning disputed amounts

including any check or other payment instrument that: (i) indicates that the payment constitutes "payment in full" or is tendered as full satisfaction of a disputed amount; or (ii) is tendered with other conditions or limitations ("Disputed Payments"), must be mailed or delivered to us at P.O. Box 965023, Orlando, FL 32896-5023
*Credits To Your Account:* An amount shown in parenthesis or preceded by a minus (-) sign is a credit or credit balance unless otherwise indicated. Credits will be applied to your previous balance immediately upon receipt, but will not satisfy any required payment that may be due.
*Credit Reports And Account Information:* If you believe that we have reported inaccurate information about you to a consumer-reporting agency, please contact us at P.O. Box 965024, Orlando, FL 32896-5024. In doing so, please identify the inaccurate information and tell us why you believe it is incorrect. If you have a copy of the credit report that includes the inaccurate information, please include a copy of that report. We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.
*Balance Subject To Interest Charge Calculation*
Method 2D (Daily Balance method): We figure the interest charge on your account by applying the periodic rate to the "daily balance" of your account for each day in the billing cycle. We then add the interest to the daily balance. To get the "daily balance" we take the beginning balance of your account each day (which includes unpaid interest), add any new charges, and applicable fees, and subtract any payments or credits. This gives us the daily balance. Any daily balance of less than zero will be treated as zero. A separate daily balance will be calculated for each balance type on your account. The balance(s) shown in the Interest Charges section of this statement is the sum of the daily balances for each day in the billing cycle divided by the number of days in the billing cycle.
Method 2M (Average Daily Balance including current transactions):
We figure the interest charge on your account by applying the periodic rate to the "average daily balance" of your account. To get the "average daily balance" we take the beginning balance of your account each day, which includes any unpaid interest charges from the previous billing cycle, add any new charges, and applicable fees and subtract any payments or credits. This gives us the daily balance. Then, we add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle. This gives us the "average daily balance," which is the balance shown in the Interest Charges section of this statement  Any average daily balance of less than zero will be treated as zero. A separate average daily balance will be calculated for each balance type on your account.
*Bankruptcy Notice:* If you file bankruptcy you must send us notice, including account number and all information related to the proceeding to the following address: GE Capital Retail Bank, Attn: Bankruptcy Dept., P.O. Box 103104, Roswell, GA 30076.
*Your account is owned and serviced by GE Capital Retail Bank.*
*Hearing Impaired:* TDD users call 1-800-444-1732

O1DD5404 - 2 - 07/13/2011

This is an attempt to collect a debt and any information obtained will be used for that purpose

*By providing a telephone number on your account, you consent to GE Capital Retail Bank and any other owner or servicer of your account contacting you about your account, including using any contact information or cell phone numbers you provide, and you consent to the use of any automatic telephone dialing system and/or an artificial or prerecorded voice when contacting you, even if you are charged for the call under your phone plan*

For changes of address, phone number and/or email  please check the box and print the changes below.

| | | | |
|---|---|---|---|
| ☐ | Street Address City, State, Zip Phone # E-mail | | |
| | Home Phone # | Business Phone # | *Cell # or other phone # we can use to contact you | Email Address |

By providing your email address, you agree to receive email communications about your account
and also give permission for us to share your email address to Walmart.


**Walmart**
Save money. Live better.

**Walmart**
**Credit Card**

DEVEAN J BLAND
Account Number [BLACKED OUT] 7983

Visit us at walmart.com/credit
Customer Service: 1-800-641-4526

| | | | |
|---|---|---|---|
| Previous Balance | $2,005.26 | New Balance | $0.00 |
| - Other Credits | $2,005.26 | Amount Past Due | $0.00 |
| New Balance | $0.00 | Total Minimum Payment Due | $540.00 |
| | | Payment Due Date | 09/20/2013 |
| Credit Limit | $1,800 | Late Payment Warning:   If we do not receive your minimum | |
| Available Credit | $0.00 | payment by the date listed above, you may have to pay a late | |
| Cash Advance/Quick Cash Limit | $240 | fee up to $35.00. | |
| Available Cash | $0.00 | | |
| Statement Closing Date | 09/18/2013 | | |
| Days in Billing Cycle | 27 | | |

| Tran Date | Post Date | Reference Number | Description of Transaction or Credit | Plan Type | Amount |
|---|---|---|---|---|---|
| 09/18 | 09/18 | F911200830099999990 | CHARGE OFF ACCOUNT-PRINCIPALS | | ($1,617.54) |
| 09/18 | 09/18 | F911200830099999990 | CHARGE OFF ACCOUNT *FINANCE CHARGES* | | ($387.72) |
| | | | FEES | | |
| | | | TOTAL FEES FOR THIS PERIOD | | $0.00 |
| | | | INTEREST CHARGED | | |
| 09/18 | 09/18 | | INTEREST CHARGE ON PURCHASES | | $0.00 |
| 09/18 | 09/18 | | INTEREST CHARGE ON CASH ADVANCES | | $0.00 |
| | | | TOTAL INTEREST FOR THIS PERIOD | | $0.00 |

| | |
|---|---|
| Total Fees charged in  2013 | $175.00 |
| Total Interest charged in  2013 | $287.63 |
| Total Interest Paid in 2013 | $179.68 |

Your Annual Percentage Rate (APR)   is the annual interest rate on your account.

| Type of Balance | Expiration Date | Plan Type | Annual Percentage Rate | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|---|---|
| Regular Purchases & Cash Advances | NA | REG | 22.90% | $0.00 | $0.00 |

If your account has a deferred interest promotion and you would like us to apply a payment on your account to a specific balance, please call Customer Service to discuss options that may be available.

Important Information about the 5¢ off per gallon gas discount available with the use of a consumer Walmart® Credit Card or Walmart® Discover® card at participating Walmart® gas stations: For purchases made in Alabama and Florida, the 5¢ discount will appear as a credit on your next statement.

PAYMENT DUE BY 5 P.M. (ET) ON THE DUE DATE
NOTICE: We may convert your payment into an electronic debit. See reverse for details, Billing Rights and other important information.

5404        BFR        1      3  19  130910        ZX PAGE 1 of 1        9112  3500  0201  01DDS404

Detach and mail this portion with your check. Do not include any correspondence with your check.

**Walmart**
Save money. Live better.

Account Number: [BLACKED OUT] 7983

| | | | | |
|---|---|---|---|---|
| $540.00 | $0.00 | 09/20/2013 | $0.00 | $0.00 |

Payment Enclosed:
Please use blue or black ink.   $

New address or email? Print changes on back.

DEVEAN J BLAND
PO BOX 485
DANVILLE AR 72833-0485

ATDTFDAFADT ADTDT FFDDDAFDFFAT AFFDFADATT DT AADFFT DT AAAFAADDDATFAFADA

Make Payment To:   WALMART/GECRB
P.O. BOX 530927
ATLANTA GA 30353-0927

DDDFDFFFDAFFTTAFAFDADT FT DFADAAFAFT AAT FFDAADDDDDFDAT TT ATTD DT DDA

7 983

Department of Defense Manpower Data Center

Results as of : Jun-11-2014 04:41:20 PM

SCRA 3.0



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: BLAND
First Name: DEVEAN
Middle Name:
Active Duty Status As Of: Jun-11-2014

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350



**GE Capital**

## BILL of SALE

### PRA PLCC Fresh – October 2013

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Receivables Purchase Agreement (the "Agreement"), dated as of this 11th day of July, 2013 by and between General Electric Capital Corporation, GE Capital Retail Bank, GEMB Lending, Inc., Monogram Credit Services, L.L.C., RFS Holding, L.L.C., and GEM Holding, L.L.C. (collectively "Seller") and Portfolio Recovery Associates, LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Receivables as set forth in the Notification Files (as defined in the Agreement), delivered by Seller to Buyer on October 21, 2013, and as further described in the Agreement.

GE Capital Retail Bank

By: _Ken Wojcik_
Ken Wojcik

Title: _EVP Collections & Recovery_

Date: _10-30-13_


General Electric Capital Corporation

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10.30.13_


GEMB Lending, Inc.

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10-30-13_


Monogram Credit Services, L.L.C.

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10-30-13_


RFS Holding, L.L.C.

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10-30-13_


GEM Holding, L.L.C

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10-30-13_


Portfolio Recovery Associates, LLC

By: _____

Title: _Authorized Signer_

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html.  If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you.  See 50 USC App. § 521(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: YAT13768P0F7EF0